# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2043V

|  |  |
|---|---|
| DEBORAH BELKER-FRECHETTE, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: May 20, 2025 |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On October 19, 2021, Deborah Belker-Frechette filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration a defined Table injury, due to an influenza vaccine she received on October 5, 2020. Petition, ECF No. 1. On December 6, 2024, I issued a ruling on entitlement, following briefing by the parties, finding Petitioner entitled to compensation for her SIRVA. ECF No. 33. On January 3, 2025, I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $53,669.24 (representing $52,656.50 in fees plus $1,012.74 in costs). Application for Attorneys' Fees and Costs ("Motion") filed February 5, 2025, ECF No. 41. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 41 at 56.

Respondent reacted to the motion on February 19, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 42. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

*A. Hourly Rates*

The rates requested for attorneys and paralegals that performed work in this matter through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested the hourly rate of $475.00 for 2025 work performed by her attorney David Carney, representing a rate increase of $25.00 from the previous year. I find the proposed increase reasonable and will adopt it.

*B. Paralegal Tasks Billed at Attorney Rate*

A few of the tasks performed by Mr. Carney in this matter are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Although these billing entries reflect reasonably-performed tasks, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees to be awarded by $1,064.60.**[4]

*C. Excessive Billing Entries*

I also note this case required additional briefing regarding the issue of entitlement and damages. But the *total* amount of time devoted to briefing entitlement was somewhat

---

[3] Entries considered paralegal in nature include bate stamping documents, calendaring deadlines, drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statements of completion, cover sheet, joint notices not to seek review, and filing Petitioner or medical records. See billing entries dated: 10/19/21; 10/20/21 (four entries); 2/28/22 (three entries); 3/4/22; 4/8/22; 7/8/22; 7/12/22; 5/1/23; 6/2/23; 2/6/24; 1/4/25; 1/9/25. ECF No. 41 at 16-27.

[4] This amount is calculated as follows: ($375 - $172 = $203 x 2.2 hrs.) + ($400 - $177 = $223 x 1.50 hrs.) + ($425 - $186 = $239 x 0.20 hrs.) + ($450 - $197 = $253 x 0.10 hrs.) + ($475 - $212 = $263 x 0.80 hrs.) = $1,064.60.

3

excessive for a case involving a SIRVA injury.[5] *See* Petitioner's Motion for a Ruling on the Record ("Motion"), filed October 17, 2023, ECF No. 30; Reply Brief, filed December 13, 2023, ECF No. 32. Petitioner's counsel expended approximately 15.60 hours drafting the Motion for Ruling on the Record, and 17.00 hours drafting the Reply Brief to Respondent's Response, for a combined total of 32.60 hours. ECF No. 41 at 23-25.

It is unreasonable for counsel to spend so much time briefing, even the matter of both entitlement and damages in this case, where the issues presented are not complex. Of course, having prevailed on the issue of entitlement in this case, a fees award is generally appropriate. ECF No. 33. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for these briefing tasks (**a total of 32.60 hours[6], or $10,817.50**) by *thirty percent*.

Such an across-the-board reduction (which I am empowered to adopt)[7] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011); in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **Application of the foregoing reduces the amount of fees to be awarded herein by $3,245.25**.[8]

---

[5] In numerous comparable cases, attorneys have accomplished similar tasks in about half the time. *See, e.g.*, *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 4, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively).

[6] The billing entries reflecting excessive time expended on briefing: 9/28/23; 9/29/23; 9/30/23; 10/4/23; 10/5/23; 10/16/23; 10/17/23, billed by attorney Carney. Reply Brief entries dated: 11/27/23; 11/28/23; 11/29/23; 12/3/23; 12/9/23; 12/10/23; 12/12/23; 12/13/23, billed by attorneys Carney and Baker. *Id.* at 23-25.

[7] In determining a fees award, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary,'" based on the special master's "experience or judgment." *Hocraffer v. HHS*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011).

[8] This amount is calculated as follows: ($10,817.50 x 30%) = $3,245.25.

4

*D. Litigation Costs*

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 41 at 33-54. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $49,359.39 (representing $48,346.65 in fees plus $1,012.74 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.